Case 3:09-cr-30011-JLH   Document 8   Filed 11/19/09   Page 1 of 6 PageID #: 67

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                            Case No. 3:09CR30011-001

KIRK DEMEYER                                                                             DEFENDANT

**PRETRIAL SCHEDULING ORDER**

**I.      TRIAL SETTING**

This case is set for **trial on Thursday, January 14, 2010 at 8:30 a.m., in Harrison, Arkansas, before the Honorable Jimm Larry Hendren**.

**II.     PRETRIAL DISCOVERY AND INSPECTION**

A.      **Government's Disclosures**:  Within ten (10) days after the arraignment, or date of receipt of this order by the Defendant, whichever occurs first, the attorney for the United States of America (hereinafter "the Government") and the Defendant's attorney shall confer; and at the request of the Defendant,[1] the Government shall disclose and provide copies to the Defendant's attorney of the following materials as directed herein:

(1)     the substance of any relevant oral statement made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a Government agent if the Government intends to use the statement at trial, *see* FED. R. CRIM. P. 16(a)(1)(A);

(2)     any relevant written or recorded statement by the Defendant if: the statement is within the Government's possession, custody, or control; and the attorney for the Government knows--or through due diligence could know-- that the statement exists;  the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the

---

[1] Written notice of Defendant's request for discovery and the Government's response should be filed with the Court.  Should the Defendant elect not to request the disclosures mandated under Rule 16(a)(1)(E-G) then the reciprocal disclosures of Rule 16(b)(1)(A-C) are inapplicable.

        Defendant knew was a Government agent; and the Defendant's recorded testimony before a grand jury relating to the charged offense, *see* FED R. CRIM P. 16(a)(1)(B);

(3)    the statement of any organizational Defendant in accordance with FED. R. CRIM. P. 16(a)(1)(C);

(4)    a copy of the Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows--or through due diligence could know--that the record exists, *see* FED. R. CRIM. P. 16(a)(1)(D) ;

(5)    books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the Government's possession, custody, or control and:  the item is material to preparing the defense;  the Government intends to use the item in its case-in-chief at trial; or  the item was obtained from or belongs to the Defendant,  *see* FED. R. CRIM. P. 16(a)(1)(E);

(6)    the results or reports of any physical or mental examination and of any scientific test or experiment if:  the item is within the Government's possession, custody, or control;  the attorney for the Government knows--or through due diligence could know--that the item exists; and  the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial, *see* FED. R. CRIM. P.  16(a)(1)(F);

(7)    a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the Government requests discovery under subdivision (b)(1)(C)(ii) and the Defendant complies, the Government must, at the Defendant's request, give to the Defendant a written summary of testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the Defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications;  *see* FED. R. CRIM. P.  16(a)(1)(G);

(8) evidence of the Defendant's other crimes, wrongs, or acts which -- although inadmissible to prove the Defendant's bad character -- the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge, *see* FED. R. EVID. 404 (b);

(9) *Brady* material: any evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence should be disclosed as soon as reasonably possible. *see Brady v. Maryland*, 373 U.S. 83 (1963);

The mandatory disclosures noted above shall be made within 15 days of date of this order, unless a different disclosure time is agreed on by the parties.

The following material should be disclosed as noted below. The Court encourages the early disclosure of the following material in order to avoid any unnecessary delay in the trial of this case.

(10) *Jencks Act* material: statements of witnesses the Government intends to call at trial, by not later than immediately after the witness has testified on direct examination. *See* 18 U.S.C. § 3500*; United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998);

(11) evidence of plea agreements or other promises made by the Government to a witness, *see Giglio v. United States*, 405 U.S. 150 (1972), by not later than immediately prior to the testimony of the witness to whom such material relates.

B. **Decision not to Disclose**: The Government may decline to make any one or more of the disclosures set forth in paragraph "A," if in the judgment of the Government, **it would not be in the interests of justice to make such disclosure**. In that event the Government shall make such declination in writing, directed to Defendant's counsel, and shall specify the types of disclosures that are declined. If the Defendant seeks to challenge the declination, Defendant shall proceed pursuant to paragraph "E" below.

**C. Defendant's Disclosures**:  If the Defendant requests the Rule 16 disclosures set out above, upon the Government's compliance with the provisions of Rule 16 <u>and on the Government's request</u>,[2] the Defendant shall provide copies of the following:

(1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:  the item is within the Defendant's possession, custody, or control; and the Defendant intends to use the item in the Defendant's case-in-chief at trial, *see* FED. R. CRIM. P. 16 (b)(1)(A);

(2) the results or reports of any physical or mental examination and of any scientific test or experiment if:  the item is within the Defendant's possession, custody, or control; and  the Defendant intends to use the item in the Defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony, *see* FED. R. CRIM. P. 16 (b)(1)(B);

(3) a written summary of any testimony that the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if:  the Defendant requests disclosure under subdivision (a)(1)(G) and the Government complies; or the Defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the Defendant's mental condition, *see* FED. R. CRIM. P. 16 (b)(1)(C); and

(4) any statements, as defined by Rule 26.2(f) of the Federal Rules of Criminal Procedure, of witnesses called by the Defendant (not required until after the witness has testified on direct examination), *see* FED. R. CRIM. P. 26.2(a).

**D. Information not Subject to Disclosure**:

(1)  Except as provided in FED. R. CRIM. P. 16 (a)(1), the Government is not obligated to disclose reports, memoranda, or other internal government documents made by an attorney for the

---

[2]Written notice of Government's request for discovery and the Defendant's response should be filed with the Court.

government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. *See* FED. R. CRIM. P. 16 (a)(2).

(2) Except for scientific or medical reports, the Defendant is not obligated to disclose (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or (B) a statement made to the defendant, or the defendant's attorney or agent, by: (i) the defendant; (ii) a government or defense witness; or (iii) a prospective government or defense witness. *See* FED. R. CRIM. P. 16 (b)(2).

(3) The Government is directed to maintain the "field notes" of any Government agent made during the investigation of this case. These notes are not discoverable except on separate Order of the Court.

E. **Motions to Compel**: In the event either party seeks discovery or inspection of material the other party has elected not to disclose, the requesting party may file a motion to compel disclosure. Such motion shall be filed within ten (10) days after the receipt of the declination to disclose by the opposing party. Any motion to compel disclosure shall contain:

(1) the statement that the prescribed conference was held;

(2) the date of said conference;

(3) the statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion.

F. **Continuing Duty to Disclose**: Any party's duty of disclosure and discovery set forth in this order is a continuing one. *See* FED. R. CRIM. P. 16 (c).

### III.     OTHER DEFENSES, OBJECTIONS AND REQUESTS

Pursuant to FED. R. CRIM. P. 12(c), the Court requires that any defense, objection or request capable of determination without trial of the general issue[3] shall be raised by written motion filed not later than fifteen (15) days prior to the trial date set by the Court.  The Government shall respond within seven (7) days after being served with any such motion.   These time limits shall not apply in the event the Government has not provided discovery to the Defendant.

**ENTERED THIS 19th day of November 2009**.


*/s/ J. Marschewski*
James R. Marschewski
United States Magistrate Judge

---

[3]Those matters include those listed in FED. R. CRIM. P.  12(b), viz, (1) defects in the institution of the prosecution (2) defects in the indictment (3) suppression of evidence, and (4) severance under FED. R. CRIM. P.  14. Also included, without limitation, are (5) selective or vindictive prosecution (6) outrageous Governmental misconduct (7) misjoinder (8) pre-indictment delay (9) speedy trial (10) prejudicial publicity (11) lack of personal jurisdiction (12) *Posse Comitatus* Act [18 U.S.C. 1385] (13) recantation as a defense to perjury (14) limitations (15) double jeopardy (16) multiple sentencing and (17) immunity.