# UNITED STATES DISTRICT COURT

| WESTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

| | | |
|---|---|---|
| KIRK DEMEYER | Case Number: | 3:09CR30011-001 |
| | USM Number: | 09841-010 |
| | Jack Schisler | |
| | Defendant's Attorney | |

## THE DEFENDANT:

X  pleaded guilty to count(s)    One (1), Two (2), Three (3) and Four (4) of Superseding Indictment on April 9, 2010

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and and (e) | Sexual Exploitation of a Minor | 05/2009 | 1,2,3,& 4 |

   The defendant is sentenced as provided in pages 2 through ___6___ of this judgment, with the court considering the guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s)

X  Count(s)    Five (5) through Eleven (11)    ☐ is    X  are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 10, 2010
Date of Imposition of Judgment

/S/ Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, Chief United States District Judge
Name and Title of Judge

November 15, 2010
Date

Judgment — Page    2    of    6

DEFENDANT:          KIRK DEMEYER
CASE NUMBER:       3:09CR30011-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**360 months on Count One; 360 months on Count Two; 360 months on Count Three; and 360 months on Count Four, with these terms to run consecutively.  The Court intends these consecutive terms to run concurrently with defendant's undischarged state court sentence.**

X    The court makes the following recommendations to the Bureau of Prisons:
    The defendant serve his term of imprisonment at the State prison facility were he is currently serving his undischarged term of imprisonment.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | Judgment—Page | 3 | of | 6 |
|---|---|---|---|---|

**DEFENDANT:** KIRK DEMEYER
**CASE NUMBER:** 3:09CR30011-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**the remainder of his life on Count One; the remainder of his life on Count Two; the remainder of his life on Count Three; and the remainder of his life on Count Four, with these terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case 3:09-cr-30011-JLH    Document 29    Filed 11/15/10    Page 4 of 6 PageID #: 142

DEFENDANT:          KIRK DEMEYER

CASE NUMBER:        3:09CR30011-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to any means utilized by the probation office to track his whereabouts or location at any time.

2. The defendant shall have no unsupervised contact with minors.

3. The defendant shall have no unsupervised contact with his daughter (who is the primary victim in this case) until she reaches her majority, or is no longer under the care and direction of a Legal Guardian - - whichever shall last occur.

   Thus, defendant shall not communicate orally with the victim prior to that time unless such communication be monitored by her Guardian, if applicable, or by the Court's Supervising Probation Officer if the victim has no Guardian but has not reached her majority.

   Defendant also shall not communicate by written or other non-oral communication with the victim prior to that time (meaning she reaches her majority or no longer has a Guardian) unless such communication be monitored by her Guardian, if applicable, or by the Court's Supervising Probation Officer if the victim has no Guardian but has not reached her majority.

4. The defendant shall to submit to inpatient or outpatient mental health evaluation, counseling, testing and/or treatment, all with emphasis on sex offender treatment, as deemed necessary under the direction of the U.S. Probation Office.

5. The defendant shall not access, view, or possess any material that depicts or alludes to child pornography.

6. Except for purposes of employment, the defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photographic capabilities, without prior written approval of the U.S. Probation Officer. In the instance that the U.S. Probation Officer has authorized the defendant to use a computer, or other electronic device, all such devices shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purposes of search.

7  The defendant shall submit his person, residence, place of employment, and vehicle to a search to be conducted by the United States Probation Office at a reasonable time and in a reasonable manner based upon a reasonable suspicion that evidence of violation of any condition of supervised release might be there by disclosed.

Judgment — Page    5    of    6

DEFENDANT:          KIRK DEMEYER
CASE NUMBER:        3:09CR30011-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  400.00 | $ 25,000.00 | $ -0- |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $                0 | $                0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the    X  fine  ☐  restitution.

   ☐  the interest requirement for the    ☐  fine  ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page    6    of    6

DEFENDANT:    KIRK DEMEYER
CASE NUMBER:    3:09CR30011-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ ___25,400.00___ due immediately.

☐  not later than _____ , or
X  in accordance    ☐ C,  ☐ D,  ☐ E, or  X F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

The fine is due and payable immediately, but if it cannot be paid immediately, it shall be paid during the period of imprisonment in quarterly installment payments of $25.00 or 10% of the defendant's quarterly income, whichever is greater. If the fine be not paid in full during incarceration, and the defendant should be released and then be on supervised release as ordered, the balance shall be paid during the period of supervised release in monthly installment payments of $150, or 10% of the defendant's net monthly household income, whichever is greater, until such time the fine be paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.